DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
Devin L. Pace #256514
Nanette Dumas #148261
Jane Z. Bohrer #243692
P O BOX 50013
SAN JOSE, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>LUZ T DIAZ<br><br><br><br><br><br><br><br>Debtor | Chapter 13<br><br>Case No. 12-55532 ASW<br><br>**MOTION TO DISMISS<br>FOR NON-PAYMENT<br>PRE-CONFIRMATION**<br><br>Hearing Date: November 17, 2014<br>Hearing Time: 2:30 p.m.<br>Location: 280 S. 1st St.<br>            San Jose, CA 95113<br>Room: 3020<br><br>Judge: Hon. Arthur S. Weissbrodt |

   Devin Derham-Burk, Chapter 13 Standing Trustee (the "Trustee") moves this Court for an Order Dismissing Case for cause, based on unreasonable delay by the Debtor that is prejudicial to creditors pursuant to 11 U.S.C. § 1307(c)(1), and the Debtor's demonstrated inability to propose a feasible plan as required by 11 U.S.C. § 1325(a)(6).

   1. The above captioned debtor (the "Debtor") filed a Chapter 13 petition on July 26, 2012 [Docket #1]. Devin Derham-Burk is the duly appointed Chapter 13 Trustee in this matter.

2. The latest proposed Chapter 13 plan calls for monthly plan payments of $750.00 [Docket #16]. As of the date of this motion, the Debtor's plan payments are 15 months in arrears; in other words, the Debtor is current on plan payments only through July 2013 plus $350.00.

3. The following chart summarizes the delinquency as of the date of this motion, and the amount that must be paid to bring the Debtor current under the plan:

| | |
|---|---|
| Monthly Plan Payment | $750.00 |
| Months Currently in Arrears | 15 |
| Amount neeeded to be current through October 2014 | $10,900.00 |
| Additional Payments coming due prior to deadline for opposing this motion | $0 |
| **Total Payment Required by Deadline** | **$10,900.00** |

4. The Debtor's substantial payment delinquency demonstrates that the Debtor has unreasonably delayed these proceedings to the detriment of the Debtor's creditors who are not receiving payment while the Debtor enjoys the benefit of bankruptcy protection.

5. The substantial payment delinquency further evidences the Debtor's inability to make the payments required by the plan, thereby demonstrating that the plan is not feasible.

6. This Motion is supported by the Declaration of the Trustee filed herewith.

WHEREFORE, the Trustee respectfully requests that this Court dismiss this case without prejudice to refiling.

Dated: October 10, 2014     /s/ Devin Derham-Burk
                             Chapter 13 Standing Trustee